RAFAEL RODRÍGUEZ PACHECO, demandante y apelante, *v.*
MANUEL MIGUEL MUDAFOR, demandado y apelado.

Núm. 7272.—*Sometido:* Enero 22, 1937. *Resuelto:* Enero 27, 1937.

*Monserrat & Monserrat y J. M. Calderón,* abogados del apelante; *V.
Géigel Polanco,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO, emitió la opinión del tri-
bunal.

El demandante formuló ante la Corte de Distrito de San
Juan una demanda de *injunction,* la que fué declarada sin
lugar, con imposición de costas al actor. El memorándum

de costas presentado por el demandado contenía dos partidas, una de $7 por honorarios del Secretario y otra de $250 por honorarios de abogado. La primera partida ha sido aceptada. La segunda fué impugnada por el demandante por dos motivos: (1) porque el abogado del demandado era un empleado o funcionario del Gobierno de Puerto Rico, en el Departamento del Trabajo, en la fecha en que prestó sus servicios, y no podía legalmente ejercer su profesión; y (2) por ser excesiva la cantidad que fija como honorarios. La corte inferior dictó resolución por la que se aprueba el memorándum sometido, pero rebajando a $125 la partida de honorarios. No conforme el demandante apeló.

Por la cuantía que envuelve, el caso carece de importancia. Sin embargo, el principio moral que el caso encierra es, a nuestro juicio, de importancia y trascendencia suficientes para que le demos cuidadosa consideración.

La Ley de Presupuesto núm. 32, aprobada en 20 de julio de 1935 (Leyes de 1935, (2) pág. 32), en su Artículo 4, dispone:

"Artículo 4.—Ningún empleado o funcionario del Gobierno de Puerto Rico podrá dedicarse a actividad particular alguna, al ejercicio de su profesión u oficio, durante el tiempo diario que deba prestar sus servicios al Gobierno Insular."

Es un hecho admitido por ambas partes, que el abogado que representó al demandado en el procedimiento de *injunction* era, durante la tramitación del caso, un empleado o funcionario del Gobierno, adscrito al Departamento del Trabajo, a sueldo y obligado a prestar sus servicios al Gobierno durante las horas señaladas por éste para las labores oficiales.

El fin moral que persigue el estatuto es evitar que los funcionarios o empleados públicos, que han aceptado el cargo o empleo con conocimiento de la prohibición estatutoria y con la obligación de dedicar las horas de oficina al servicio del Gobierno que les paga el sueldo que devengan, dediquen esas mismas horas de oficina a otras actividades particula-

res o profesionales, con el propósito de obtener paga o remuneración por un tiempo que ya no les pertenece por haberlo cedido al Gobierno. Si esto pudiera hacerse, el estatuto que comentamos sería letra muerta, y el erario público sufriría menoscabo injustificado al pagar por horas de servicio que el empleado utilizara para fines de lucro personal.

Alega el apelado que el precepto del artículo 4, supra, es de orden administrativo, de orden interior en el mecanismo del Gobierno de Puerto Rico, y que por tanto no incumbe al demandante apelante, y sí al jefe inmediato .del funcionario público que ejerce su profesión exigir a éste el cumplimiento de los deberes de su cargo. No podemos aceptar ni como sana doctrina de gobierno, ni como buena regla de cultura cívica, el principio de que el velar por la observancia y cumplimiento de las leyes por parte de los empleados públicos sea de la exclusiva incumbencia de sus superiores. Todo ciudadano tiene derecho, más aún, tiene el deber de exigir que la ley sea acatada por los demás ciudadanos, especialmente por los funcionarios públicos que han jurado acatarla y cumplirla y que han aceptado el cargo que ocupan con pleno conocimiento de sus prohibiciones y limitaciones. Y no está obligado el ciudadano a cruzarse de brazos y a contemplar impávido la violación de las leyes por parte de los servidores de la comunidad por el hecho de que los superiores de éstos adopten una actitud de pasividad o indiferencia ante tales contravenciones.

Es cierto que el estatuto no dispone la sanción que deba aplicarse al funcionario o empleado público que infringe sus preceptos. Convenimos con el apelado en que la falta puede y debe ser corregida administrativamente. Pero no puede ni debe pretenderse que los tribunales de justicia ayuden al funcionario que ignoró o desatendió los preceptos imperativos de la ley a recoger el fruto de su contravención.

Arguye el apelado que los honorarios reclamados son, según la jurisprudencia de este Tribunal Supremo, propie-

dad del cliente y no del abogado, y que aquél no debe sufrir las consecuencias de los actos realizados por el abogado en contravención de la ley. El argumento es hábil, pero no es conveniente. Técnicamente, los honorarios son propiedad del litigante, pero en realidad esos honorarios son concedidos para ser pagados al abogado o para reembolsar al cliente por los que hubiere ya pagado.

El cliente, apelado en este caso, está obligado a conocer la ley y debe presumirse que sabía que ella prohibe a los funcionarios y empleados públicos ejercer su profesión durante el tiempo en que están obligados a servir al Gobierno. Al emplear para su defensa un abogado a quien la ley prohibe expresamente el ejercicio de su profesión, por ser un empleado público, el apelado se hizo copartícipe en una contravención de la ley y no puede ahora invocar la ayuda judicial para que el hecho que la ley prohibe quede consumado.

*Por las razones expuestas se modifica la resolución apelada, eliminando del memorándum de costas la partida de honorarios de abogado, y así modificada se confirma.*

Los Jueces Asociados Señores Wolf y Córdova Dávila no intervinieron.